**North Jersey Steel Erectors Corp. v. Hamilton**

*F. D. Hennessey*, for North Jersey Steel Erectors Corp.

*Donald M. McCurdy*, for Omniplex

*Bany Brown*, for American Steel Building Co., Inc.

*Thomas J. Feeney, Jr.*, for Sturm and Associates.

REED, *Jr., J.*, December 3, 1982—This case is before the court on three petitions to confirm the award of the arbitrator and one petition to vacate the same award.

This case arises out of a contract to construct a metal airplane hangar at the North Philadelphia Airport. Defendant, Morton M. Sturm & Associates, Inc. (Sturm) was the general contractor who hired Robert V. Hamilton and William F. Murphy trading as Omniplex (Omniplex) to construct these buildings. Omniplex engaged American Steel Building Company, Inc. (American) to engineer and fabricate the component steel elements. Omniplex also engaged North Jersey Steel Erectors Corporation (North Jersey) to erect the steel at the job site.

Certain disputes arose out of this contract and three separate actions were started. In order to bring about a more expeditious resolution to the litigation, the parties agreed to consolidate all respective claims and to submit them to arbitration

before the American Arbitration Association. However, before the various actions were to be terminated, the parties were permitted to complete any discovery they deemed necessary.

After discovery was completed, 11 full days of hearing were conducted before the arbitrator. After the completion of the hearings, the parties submitted legal Briefs and the arbitrator entered his award on August 19, 1982.

The arbitrator found as follows:

1. Robert V. Hamilton and William F. Murphy, t/a Omniplex shall pay to North Jersey Steel Erectors Corporation the sum of $15,891.

2. Morton M. Sturm & Associates, Inc. shall pay to North Jersey Steel Erectors Corporation the sum of $1,050.92.

3. Robert V. Hamilton and William F. Murphy, t/a Omniplex shall pay to American Steel Building Corporation, the sum of $62,032.

4. Morton M. Sturm and Associates, Inc. shall pay to Robert V. Hamilton and William F. Murphy, t/a Omniplex, the sum of $78,527.

In addition to this, the arbitrator included within his award that each of the parties was to pay the administrative fee and expense of the American Arbitration Association as directed by the Association with American, Omniplex and Sturm each sharing the cost equally at 33⅓ percent each.

Omniplex, American and North Jersey have all petitioned to confirm this award while Sturm has petitioned to vacate the award.

Sturm has petitioned to vacate the order based upon the assertion that it was denied a hearing because the arbitrator refused to allow certain depositional testimony to be presented.

At the outset, the American Arbitration Associa-

tion proceeds under the Common law Arbitration's procedures and the court of common pleas has a limited scope of review as set forth in 42 Pa.C.S.A. §7341:

"The award of an arbitrator in a non-judicial arbitration which is not subject to Sub-chapter A (relating to statutory arbitration) or a similar statute regulating non-judicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused a rendition of an unjust, inequitable or unconscionable award."

Reviewing the award under these limitations, we find that Sturm's petition is of no merit.

The argument that Sturm was denied a hearing is grounded solely upon the issue that the arbitrator erred when he ruled that certain deposition testimony would not be allowed to be presented. The court, when reviewing these actions, must determine what deposition testimony was excluded and the reason for the arbitrator's action.

It is clear that under normal arbitration proceedings before the American Arbitration Association that depositions are not permitted. However these three actions had previously been started before the parties agreed to arbitrate this matter, the parties were permitted to complete discovery which included depositions.

This depositional testimony was not offered at the hearing because a witness was absent, it was presented by Sturm as additional testimony after each of the witnesses had previously testified and been cross-examined.

This action by counsel for Sturm was not to test

credibility of the witnesses but to add to their testimony in lieu of requestioning. The arbitrator, after objections from opposing counsel, ruled that Sturm could not place certain portions of the depositions on the record in that manner. The arbitrator did permit Sturm to recall the witness whose deposition he was using and permit him to cross-examine the witness in light of his depositional testimony.

We find the arbitrator's ruling well within the guidelines as set forth in Flynn v. City of Chester, 429 Pa. 170, 239 A.2d 322 (1968) for the arbitrator in no way prevented Sturm from calling the witness as on cross-examination and questioning as fully as he desired and using the depositions to impeach. The mere fact that Sturm's counsel was content with the way the witnesses had testified at depositions and did not want to reexamine the witnesses before the arbitrator was a tactical decision by counsel and cannot now be interpreted as either error or a denial of trial as Sturm argues.

For these reasons we find that the petition of Sturm to vacate the award of the arbitrator is of no merit and, accordingly, we will deny same and grant the petitions of Omniplex, American and North Jersey to confirm the award.

To that end we will so

## ORDER

And now, December 3, 1982, it is hereby ordered and decreed that the petitions to confirm arbitration award of North Jersey Steel Erectors Corporation, Robert V. Hamilton and William F. Murphy, t/a Omniplex, and American Steel Building Company, Inc., be and the same is hereby granted. And, said award is confirmed as a judgment of this court.

It is further ordered that the petition of Morton M. Sturm & Associates, Inc. to vacate arbitration award, be and the same is hereby denied.